UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TYLER CHRISTIAN ANDERSON,

    Plaintiff

v.

C.O. SHEEKS, et. al.,

    Defendants

Case No.: 3:20-cv-00143-MMD-WGC

**Order**

Re: ECF No. 16

    Defendants have filed a motion for an order to show cause why this case should not be dismissed for failure to obey a court order because Plaintiff refused to participate in the court-ordered Early Mediation Conference (EMC). (ECF No. 16.)

**I. BACKGROUND**

    Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), and is proceeding pro se with his civil rights action under 42 U.S.C. § 1983. The court screened the amended complaint and allowed Plaintiff to proceed with an Eighth Amendment excessive force claim against Sheeks, Morgan and Ortega, as well as a Fourteenth Amendment due process claim against Sheeks, Morgan, Ortega and Carr in Count I. Plaintiff was also allowed to proceed with an excessive force claim against Fryer and Inwood in Count II. (ECF No. 8.) The court stayed the action for 90 days to give the parties an opportunity to settle their dispute before the filing fee is paid, an answer is filed or the discovery process begins, and referred the case to its Early Mediation Program. The court specifically instructed the parties that if any party wanted to have this case excluded from the mediation program, the party must file a

motion to exclude the case from mediation within 21 days of the date of the screening order. (*Id*. at 12.)

It appears that the screening order was returned as undeliverable as Plaintiff was transferred to Ely State Prison (ESP). (ECF No. 9.) Plaintiff did not file a notice of change of address as is required under Local Rule LR IA 3-1.

On August 3, 2021, the court entered an order setting the EMC for September 21, 2021, at 8:30 a.m. (ECF No. 12.)  The order was electronically served on Plaintiff via the Northern Nevada Correctional Center (NNCC) law library, where he was previously housed.

The Minutes from the EMC on September 21, 2021, nevertheless, reflect that the mediator was advised by a caseworker at ESP that the Plaintiff refused to attend the mediation. (ECF No. 14.) Presumably, Plaintiff had notice of the EMC if he relayed to a caseworker that he refused to attend. The minutes were sent to Plaintiff at ESP via email. (ECF No. 15.)

On September 24, 2021, Defendants filed this motion for an order to show cause, seeking dismissal of this action due to Plaintiff's refusal to attend the EMC. Defense counsel spent nine hours preparing for the EMC. (Shogren Decl., ECF No. 16-1 at 2 ¶ 5.)

## II. DISCUSSION

Preliminarily, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number." "Failure to comply with this rule may result in dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." LR IA 3-1.

Plaintiff has failed to comply with LR IA 3-1 by filing written notification of a change in mailing address to ESP.

2

In addition, the court has the power to dismiss an action for failure to prosecute it or comply with court rules or orders. *See* Fed. R. Civ. P. 41(b); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted); *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965) (citation omitted) (acknowledging court had power to dismiss under its local rule). An involuntary dismissal under this rule (unless for lack of jurisdiction, improper venue, or failure to join a party, which are not applicable here) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

Federal Rule of Civil Procedure 16(f) also authorizes the court to sanction a party who fails to appear at a pretrial conference or fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(A), (C). Sanctions include, among other things, striking pleadings, staying proceedings until the order is obeyed, dismissing the action or entering default judgment, or treating the failure as contempt of court. Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).

Here, defense counsel, and presumably the mediator, spent hours preparing for the EMC in this case only to have Plaintiff fail to comply with the court's order to participate without filing a motion to exclude the case from mediation. Plaintiff could have notified the mediator, court and defense counsel in advance, which would have avoided the waste of time and resources.

Meaningful and productive settlement conferences are vital to the judicial process, and provide the parties with an important vehicle to attempt to resolve their disputes short of trial. The court takes these conferences very seriously. The Ninth Circuit has repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders, including the failure to appear for court-ordered mediation or

settlement conferences. *See Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762 (9th Cir. 2001) (affirming sanctions imposed for failure to attend a mediation session); *Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanctions for attorney who failed to appear at scheduled settlement conference); *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829 (9th Cir. 1986) (citing cases). While Plaintiff was not required to settle his case, he was required by court order to participate in the EMC.

As such, the court will grant Defendants' motion for an order to show cause (ECF No. 16), and will require Plaintiff to show cause why this action should not be dismissed due to both Plaintiff's failure to file his updated contact information and his refusal to participate in the EMC.

### III. CONCLUSION

Defendants' motion for an order to show cause (ECF No. 16) is **GRANTED**. Plaintiff has **14 days** from the date of this Order to file a response showing cause as to why sanctions, which may include dismissal of this action, should not be imposed as a result of Plaintiff's failure to file his updated contact information and refusal to participate in the EMC. Plaintiff is cautioned that a failure to respond or give sufficient explanation for his failures may itself result in a recommendation of the imposition of sanctions, including dismissal of this action.

**IT IS SO ORDERED**.

Dated: October 14, 2021

William G. Cobb
United States Magistrate Judge