**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TYLER CHRISTIAN ANDERSON,

Plaintiff

v.

C.O. SHEEKS, et. al.,

Defendants

Case No.: 3:20-cv-00143-MMD-WGC

**Order**

Re: ECF No. 22

The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment excessive force claim against Sheeks, Morgan, Ortega, and Carr in Count I, and an excessive force claim against Fryer and Inwood in Count II. (ECF No. 8.) The court stayed the action for 90 days to give the parties an opportunity to settle their dispute before the filing fee is paid, an answer is filed or the discovery process begins, and referred the case to the court's early mediation program. (*Id.*) The screening order was returned as undeliverable, noting that Plaintiff had been transferred from Northern Nevada Correctional Center (NNCC) to Ely State Prison (ESP). (ECF No. 9.)

Local Rule IA 3-1 provides that a pro se party (a party representing him or herself) must immediately file with the court written notification of any change of mailing address, email address, telephone number or facsimile number, with a proof of service of the notice on each opposing party or the party's attorney. Plaintiff did not file written notification of his change of address.

On August 3, 2021, the court entered an order setting an Early Mediation Conference (EMC) for September 21, 2021. (ECF No. 12.) That order was served on Plaintiff at NNCC. The

minutes from the EMC on September 21, 2021, nevertheless reflect that the mediator was advised by a caseworker at ESP that Plaintiff refused to attend the mediation. (ECF No. 14.) Presumably, Plaintiff had notice of the EMC. The minutes were sent to Plaintiff at ESP via e-mail. (ECF No. 15.)

On September 24, 2021, Defendants filed a motion for an order to show cause, seeking dismissal of the action due to Plaintiff's refusal to attend the EMC. (ECF No. 16.)

The court granted Defendants' motion for an order to show cause, and required Plaintiff to show cause why this action should not be dismissed due to Plaintiff's failure to file updated contact information and his refusal to participate in the EMC. (ECF No. 18.)

That order was returned as undeliverable, noting Plaintiff's new address at ESP. (ECF No. 19.) Plaintiff still had not filed updated contact information. The court directed the Clerk to send a copy of the screening order, the order setting the EMC, Defendants' motion for an order to show cause, and the court's OSC to Plaintiff at ESP. The court gave Plaintiff 14 days to file a response to the order to show cause. (ECF No. 20.)

On November 23, 2021, Plaintiff filed a document stating that he failed to update his contact information because he did not know how to do so and the law librarian told him she could not give him legal advice. In addition, he states that he did not attend the EMC because he had a call with Deputy Attorney General Shogren and Shogren was supposed to get back to him before the EMC, and when he did not, Plaintiff assumed the defense had agreed to a settlement proposed in the call. In addition, he asserts that he is in constant fear for his safety. He asks the court to schedule another EMC, which he represents he will attend. Alternatively, he asks the court to dismiss the case without prejudice. (ECF No. 22.)

Plaintiff shall file a notice with the court with his updated address at ESP in compliance with LR IA 3-1 within **14 days** of the date of this Order. Plaintiff simply need file a document titled "NOTICE OF CHANGE OF ADDRESS" that lists his new address at ESP. If Plaintiff fails to timely file this notice, the court will recommend dismissal of this action with prejudice for failure to comply with the court's orders.

The courtroom administrator will set this matter for another EMC. Plaintiff is advised once again that meaningful and productive settlement conferences are vital to the judicial process, and provide parties with an important vehicle to attempt to resolve their disputes short of trial. The court takes these conferences very seriously, and values the time spent by both the mediator and litigants in attempting to achieve a resolution. Plaintiff is cautioned that if he fails to attend this next EMC, the court will recommend dismissal of this action with prejudice.

To the extent Plaintiff's filing (ECF No. 22) includes an alternative request for dismissal of this action without prejudice, that request is **DENIED**.

The Clerk shall **SEND** a copy of this Order to Plaintiff at ESP.

**IT IS SO ORDERED**.

Dated: December 7, 2021

William G. Cobb
United States Magistrate Judge