UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TYLER CHRISTIAN ANDERSON,

    Plaintiff

v.

C.O. SHEEKS, et al.,

    Defendants

Case No.: 3:20-cv-00143-MMD-CSD

**Order**

Plaintiff is incarcerated within the Nevada Department of Corrections (NDOC) and filed a pro se civil rights action under 42 U.S.C. § 1983. (ECF No. 4.)

The court screened his amended complaint and allowed him to proceed with an Eighth Amendment claim for excessive force against defendants Sheeks, Morgan, and Ortega; a Fourteenth Amendment claim regarding his right to refuse medical treatment against Sheeks, Morgan, Ortega, and Carr; and an Eighth Amendment excessive force claim against Fryer and Inwood. (ECF No. 8.)[1] The court then stayed the action for 90 days to give the parties an opportunity to settle the dispute before the filing fee is paid, an answer is filed or the discovery process begins. The court instructed the parties that if they wanted the case excluded from the court's mediation program, a motion to exclude must be filed within 21 days. (*Id.*) This order was returned as undeliverable as Plaintiff was transferred to Ely State Prison (ESP). (ECF No. 9.) Plaintiff did not file a notice of change of address as is required under Local Rule IA 3-1.

---

[1] Morgan has since been dismissed without prejudice under Federal Rule of Civil Procedure 4(m). (ECF No. 46.)

The court scheduled the early mediation conference (EMC) for September 21, 2021, at 8:30 a.m.. (ECF No. 12.) The order was electronically served on Plaintiff at Northern Nevada Correctional Center (NNCC), his last address of record. The minutes from the EMC reflect that the mediator was advised by a caseworker at ESP that Plaintiff refused to attend the mediation, indicating that Plaintiff had notice of the EMC. (ECF No. 14.)

Defendants filed a motion for an order to show cause for dismissal as a result of Plaintiff's failure to participate in the EMC. (ECF No. 16.) The court granted the motion and issued an order to show why the action should not be dismissed due to both Plaintiff's failure to file his updated contact information and his refusal to participate in the EMC. (ECF No. 18.) That order was also returned as undeliverable. (ECF No. 19.)

The court issued a second order directing the Clerk to send the screening order, the order setting the EMC, the motion for an order to show cause, and the court's order to show cause to Plaintiff at ESP. The court gave Plaintiff 14 days to file a response showing cause why sanctions, including dismissal, should not be imposed as a result of Plaintiff's failure to file his updated contact information and refusal to participate in the EMC. (ECF No. 20.)

Plaintiff filed a document stating he failed to update his contact information because he did not know how to do so, and he did not attend the EMC because he had a call with the Deputy Attorney General (DAG), who was supposed to get back to him, and when he did not, Plaintiff assumed the defense had agreed to the settlement proposed in the call. (ECF No. 22.) The court gave Plaintiff another 14 days to update his address, instructing him that he simply need file a document titled "NOTICE OF CHANGE OF ADDRESS" that lists his new address at ESP. He was cautioned that a failure to do so would result in a recommendation for dismissal with prejudice. The court also directed that another EMC be set. (ECF No. 23.)

Plaintiff finally filed a notice of change of address to ESP on December 14, 2021. (ECF No. 27.) An EMC was held on January 18, 2022, but it was unsuccessful. (ECF No. 28.)

On October 19, 2022, Defendants filed a motion for summary judgment. (ECF No. 48.) The following day, Chief District Judge Du issued an order regarding the requirements for filing a response to a motion for summary judgment. (ECF No. 53.) Both that order as well as Defendants' notice of manual filing were returned as undeliverable, with a notation that Plaintiff was housed at High Desert State Prison (HDSP). (ECF Nos. 54, 55.)

On October 21, 2022, the court issued an order directing Plaintiff to immediately file a notice of change of address in accordance with Local Rule IA 3-1, and the court directed the Clerk to serve the order on Plaintiff at both ESP and HDSP. (ECF No. 58.) To date, no notice of change of address nor a response to Defendants' motion for summary judgment has been filed.

Plaintiff has been advised multiple times that a party must immediately file with the court written notification of any change of contact information, and failure to comply with this rule may result in dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court. LR IA 3-1.

In addition, the court has the power to sua sponte dismiss an action for the failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965) (citation omitted).

Plaintiff has **21 days** from the date of this Order to file and serve a notice of intent to prosecute this action as well as a notice of change of address. A failure to do so will result in a recommendation that this action be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Local Rule IA 3-1.

The Clerk shall **SEND** a copy of this Order to Plaintiff at HDSP.

**IT IS SO ORDERED**.

Dated: February 22, 2023

_____
Craig S. Denney
United States Magistrate Judge