**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TYLER CHRISTIAN ANDERSON,<br><br>    Plaintiff<br><br>v.<br><br>C.O. SHEEKS, et al.,<br><br>    Defendants | Case No.: 3:20-cv-00143-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to update his address and failure to prosecute.

**I. BACKGROUND**

Plaintiff is incarcerated within the Nevada Department of Corrections (NDOC) and filed a pro se civil rights action under 42 U.S.C. § 1983. (ECF No. 4.)

The court screened his amended complaint and allowed him to proceed with an Eighth Amendment claim for excessive force against defendants Sheeks, Morgan, and Ortega; a Fourteenth Amendment claim regarding his right to refuse medical treatment against Sheeks, Morgan, Ortega, and Carr; and an Eighth Amendment excessive force claim against Fryer and Inwood. (ECF No. 8.)[1] The court then stayed the action for 90 days to give the parties an opportunity to settle the dispute before the filing fee is paid, an answer is filed or the discovery

---

[1] Morgan has since been dismissed without prejudice under Federal Rule of Civil Procedure 4(m). (ECF No. 46.)

process begins. The court instructed the parties that if they wanted the case excluded from the court's mediation program, a motion to exclude must be filed within 21 days. (*Id*.) This order was returned as undeliverable as Plaintiff was transferred to Ely State Prison (ESP). (ECF No. 9.) Plaintiff did not file a notice of change of address as is required under Local Rule IA 3-1.

The court scheduled the early mediation conference (EMC) for September 21, 2021, at 8:30 a.m.. (ECF No. 12.) The order was electronically served on Plaintiff at Northern Nevada Correctional Center (NNCC), his last address of record. The minutes from the EMC reflect that the mediator was advised by a caseworker at ESP that Plaintiff refused to attend the mediation, indicating that Plaintiff had notice of the EMC. (ECF No. 14.)

Defendants filed a motion for an order to show cause for dismissal as a result of Plaintiff's failure to participate in the EMC. (ECF No. 16.) The court granted the motion and issued an order to show why the action should not be dismissed due to both Plaintiff's failure to file his updated contact information and his refusal to participate in the EMC. (ECF No. 18.) That order was also returned as undeliverable. (ECF No. 19.)

The court issued a second order directing the Clerk to send the screening order, the order setting the EMC, the motion for an order to show cause, and the court's order to show cause to Plaintiff at ESP. The court gave Plaintiff 14 days to file a response showing cause why sanctions, including dismissal, should not be imposed as a result of Plaintiff's failure to file his updated contact information and refusal to participate in the EMC. (ECF No. 20.)

Plaintiff filed a document stating he failed to update his contact information because he did not know how to do so, and he did not attend the EMC because he had a call with the Deputy Attorney General (DAG), who was supposed to get back to him, and when he did not, Plaintiff assumed the defense had agreed to the settlement proposed in the call. (ECF No. 22.) The court

gave Plaintiff another 14 days to update his address, instructing him that he simply need file a document titled "NOTICE OF CHANGE OF ADDRESS" that lists his new address at ESP. He was cautioned that a failure to do so would result in a recommendation for dismissal with prejudice. The court also directed that another EMC be set. (ECF No. 23.)

Plaintiff finally filed a notice of change of address to ESP on December 14, 2021. (ECF No. 27.) An EMC was held on January 18, 2022, but it was unsuccessful. (ECF No. 28.)

On October 19, 2022, Defendants filed a motion for summary judgment. (ECF No. 48.) The following day, Chief District Judge Du issued an order regarding the requirements for filing a response to a motion for summary judgment. (ECF No. 53.) Both that order as well as Defendants' notice of manual filing were returned as undeliverable, with a notation that Plaintiff was housed at High Desert State Prison (HDSP). (ECF Nos. 54, 55.)

On October 21, 2022, the court issued an order directing Plaintiff to immediately file a notice of change of address in accordance with Local Rule IA 3-1, and the court directed the Clerk to serve the order on Plaintiff at both ESP and HDSP. (ECF No. 58.) Plaintiff did not file a notice of change of address. On February 22, 2023, the court issued an order to show cause why this action should not be dismissed due to Plaintiff's failure to update his address or otherwise indicate an intent to prosecute this action. The court gave Plaintiff until March 15, 2023, to file his notice of change of address and response to the order show cause showing an intent to prosecute this action. Plaintiff was cautioned that a failure to do so would result in a recommendation that this action be dismissed with prejudice. (ECF No. 59.) This order was sent to Plaintiff at HDSP and ESP.

Plaintiff has not filed a notice of change of address or an intent to prosecute this action.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Plaintiff has not updated his address. Nor has he indicated an intent to prosecute this action despite the court giving him numerous opportunities to do so.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**, and **DENYING AS MOOT** Defendants' pending motion for summary judgment (ECF No. 48). The motion for leave to file the accompanying exhibits under seal (ECF No. 49) should be granted.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 28, 2023

_____
Craig S. Denney
United States Magistrate Judge